LDA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS J. COLLI<br>Plaintiff | : | CIVIL ACTION<br>NO. |
| VS. | : | |
| MILDRED H. BROWN<br>aka MILDRED H. BROWN-HEBERT<br>and MOUNTAIN VALLEY<br>INDEMNITY COMPANY<br>Defendants | :<br>: | CA 07 444 ML |

## COMPLAINT

**JURISDICTIONAL ALLEGATIONS**

1. The plaintiff, Thomas J. Colli, is a resident of the Town of Ledyard, State of Connecticut;

2. The defendant, Mildred H. Brown, aka Mildred H. Brown-Hebert was at the time of the accident a resident of the Town of Foster, State of Rhode Island and is upon information and belief presently a resident of the Town of Exeter, State of Rhode Island;

3. The defendant Mountain Valley Indemnity Company is a corporation domiciled in New Hampshire with a principal place of business at 4 Kilton Road, Bedford, New Hampshire and authorized to do business in the State of Rhode Island writing various types of insurance including automobile insurance policies;

4. This is a civil action brought pursuant to 28 USC §1332 between citizens of different states in the United States, the parties having diversity of citizenship, the amount in controversy, exclusive of interest and costs, exceeding $75,000.00;

5. Venue is appropriate pursuant to 28 USC §1391 because a substantial part of the events or omissions giving rise to this action occurred in this district;

**CLAIM FOR RELIEF**

**COUNT I**

6. On December 30, 2004, at approximately 12:46 p.m., the plaintiff Thomas J. Colli was operating a 1995 Mack flatbed truck owned by his employer, Pipe Pro, Inc., in a southerly direction on Chopmist Hill Road, a public highway in the Town of Scituate, State of Rhode Island;

7. On the same date and time, the defendant Mildred H. Brown was operating her 2004 Mercury van in a westerly direction on Central Pike, a public highway in the Town of Scituate, State of Rhode Island;

8. At the intersection of Chopmist Hill Road and Central Pike, the defendant Mildred H. Brown failed to properly stop her van in obedience to a stop sign and failed to grant the right of way to the plaintiff, whereupon the defendant negligently and carelessly entered the intersection moving directly into the plaintiff's path of travel and causing the two

vehicles to collide violently, thereby causing the injuries and losses to the plaintiff Thomas J. Colli as hereinafter set forth;

9. The injuries and losses to the plaintiff Thomas J. Colli were caused by the negligence and carelessness of the defendant Mildred H. Brown in that she:

a) violated Rhode Island General Law Sections 31-20-9 and 31-17-4 by failing to properly obey a stop sign;

b) violated Rhode Island General Law Section 31-17-4 by failing to yield the right of way;

c) was inattentive to her driving; and

d) failed to keep an adequate and proper lookout for traffic on the highway;

10. As a result of the accident caused by the defendant Mildred H. Brown, the plaintiff sustained serious injury to his mind and body, resulting in pain and suffering and loss of enjoyment of life, including, but not limited to, the following injuries:

a. head trauma resulting in loss of consciousness, disorientation, confusion and multiple contusions of the bi-frontal lobes of his brain resulting in a mild to moderate traumatic brain injury with symptoms including, but not limited to a condition known as pseudobullbar affect, impaired balance and deficits in memory, speech, attention, problem solving, executive functioning, insight, and organizational ability;

c. Posttraumatic Stress Disorder;

d. tremor of the right arm and hand;

e. anxiety, panic attacks, emotional distress and depression;

f. contusion, sprain and strain of his neck, right shoulder and clavicle, and right hip;

g. Temporomandibular Joint Disorder;

h. headaches; and

i. multiple lacerations, abrasions, and bruises to his head, face, torso, and extremities as well as scarring.

11. As a further result of the negligence of the defendant Mildred H. Brown, the plaintiff required medical care and medications, thereby incurring medical expenses;

12. Furthermore, as a result of the negligence of the defendant Mildred H. Brown, the plaintiff sustained lost wages and an impairment of his earning capacity;

13. The plaintiff will in the future, as the result of the negligence of the defendant Mildred H. Brown, continue to suffer injury and disability to his body and mind, medical care, medications and expense, lost wages, impairment of his earning capacity, pain and suffering, and loss of enjoyment of life;

WHEREUPON, plaintiff demands damages in an amount in excess of the statutory minimum plus interest and costs of binging this action.

## **COUNT II**

Plaintiff incorporates by reference Paragraphs 1 through 13 above referenced, as alleged herein.

14. This action is brought pursuant to Section 27-7-2.1 of the Rhode Island General Laws;

15. At a point in time prior to December 30, 2004, the defendant Mountain Valley Indemnity Company issued a policy of insurance to James E. Dolan DBA: Pipe Pro, Inc., which contract of insurance bears the Policy Number 338-0024287-01/000 and which policy provided underinsured motorists benefits;

16. At all times mentioned herein, all premiums due on said policy had been paid by James E. Dolan DBA: Pipe Pro, Inc., and said policy was in full force and effect;

17. At the time of the accident on December 30, 2004, the plaintiff was an employee of Pipe Pro, Inc., and was operating his employer's 1995 Mack flatbed truck in the course and scope of his employment;

18. At the time of the accident, the plaintiff was an insured as defined by the aforesaid policy and covered for the underinsured motorists benefits provided by the policy issued by the defendant Mountain Valley Indemnity Company;

19. The motor vehicle liability insurance policy covering Mildred H. Brown, the person responsible for this accident, in all likelihood, will be exhausted and is inadequate to fully compensate the plaintiff for his injuries and losses as a result of this accident;

20. The injuries and losses sustained by the plaintiff are the legal responsibility of the defendant Mountain Valley Indemnity Company pursuant to the terms of its contract of insurance and in accordance with Section 27-7-2.1 of the Rhode Island General Laws.

WHEREUPON, plaintiff demands damages in an amount in excess of the statutory minimum plus interest and costs of binging this action.

Plaintiff, By his attorney;

Thomas J. Grady, Esquire
Federal District Bar R.I. #1005
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

***PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY***

DATED December 4, 2007